
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 5 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD LYNN RUSSELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:18-CV-506-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Edward Lynn Russell, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as an unauthorized successive petition. No service has issued upon respondent.

### I. Factual and Procedural History

In 2011 petitioner was convicted in Tarrant County, Texas, Case No. 1254067R, on eleven counts of violating the requirements of his civil commitment as a sexually violent predator under Texas Health and Safety Code § 841.085 and was sentenced to 20 years confinement on each count. Former § 841.085(a) provides

that "[a] person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082(a)(1), (2), (4), or (5)." Act of May 27, 2007, 80th Leg., R.S., ch. 1219, § 8, 2007 Tex. Gen. Laws 4115, 4117. Section 841.082 provides:

> (a) Before entering an order directing a person's outpatient civil commitment, the judge shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community. The requirements shall include:
>
> (1) requiring the person to reside in a Texas residential facility under contract with the council or at another location of facility approved by the council;
>
> (2) prohibiting the person's contact with a victim or potential victim of the person;
>
> (3) prohibiting the person's possession or use of alcohol, inhalants, or a controlled substance;
>
> (4) requiring the person's participation in and compliance with a specific course of treatment;
>
> (5) requiring the person to:
>
> (A) submit to tracking under a particular type of tracking service and to any other appropriate supervision; and
>
> (B) refrain from tampering with, altering, modifying, obstructing, or manipulating the tracking equipment.
>
> (6) prohibiting the person from changing the person's residence;

2

> (7) if determined appropriate by the judge, establishing a child safety zone . . . ;
>
> (8) requiring the person to notify the case manager immediately but in any event within 24 hours of any change in the person's status that affects proper treatment and supervision, including a change in the person's physical health or job status and including any incarceration of the person; and
>
> (9) any other requirements determined necessary by the judge.

Act of May 19, 2005, 79th Leg., R.S., ch. 849, § 3, 2005 Tex. Gen. Laws 2892, 2893-94. Petitioner was convicted of nine counts of violating § 841.082(a)(4), "requiring the person's participation in and compliance with a specific course of treatment," and two counts of violating § 841.082(a)(5), requiring the person to "submit to tracking" and to "refrain from tampering with, altering, modifying, obstructing, or manipulating the tracking equipment."

In a prior federal habeas action, petitioner challenged all eleven of his convictions under §§ 841.085(a) and 841.082 applicable to him on the basis that the provisions were unconstitutionally vague and provided no policies and guidelines to limit the authority of caseworkers in developing the requirements of his civil commitment. The district court originally denied relief, however the United States Court of Appeals for the Fifth Circuit remanded the case for a determination of whether the applicable versions of §§ 841.085(a)

3

and 841.082 were void for vagueness under the Due Process Clause based on the "clearly established federal law" set forth in the United States Supreme Court decisions in *Hill v. Colorado,* 530 U.S. 703, 732 (2000); *Grayned v. City of Rockford,* 408 U.S. 104, 108-09 (1972); and *Kolender v. Lawson,* 461 U.S. 352, 358 (1983). (Op. & Order 7, doc. 27; J. 3, Russell v. Davis, No. 4:14-CV-792-Y, doc. 41.)

On remand, the district court reasoned that "[a]lthough § 841.082(a)(1), (2), (3), (5), (6), (7), and (8), provide clearly defined requirements related to the purpose of the statutory scheme and § 841.082(a)(9) allows the judge to impose requirements as necessary, § 841.082(4), 'requiring the person's participation in and compliance with a specific course of treatment,' is ambiguous." Thus, the court concluded that §§ 841.085 and 841.082(4) under which petitioner was convicted were unconstitutionally vague and vacated those convictions. (Op. and Order 9, Russell v. Davis, No. 4:14-CV-792-Y, doc. 43.) In all other respects, the court denied relief, and the Fifth Circuit denied a certificate of appealability on June 1, 2018. (Op. and Order on Remand, Russell v. Davis, No. 4:14-CV-792-Y, doc. 43 & Order, doc. 50.) Petitioner then filed a motion for nunc pro tunc judgment requesting the district court vacate his remaining two convictions under §§ 841.085(a) for violating § 841.082(a)(5). The court denied the motion on June 21, 2018. (Order, Russell v.

4

Davis, No. 4:14-CV-792-Y, doc. 53.)

Petitioner now brings this second habeas petition challenging the remaining two convictions on the basis that the district court did not vacate the convictions. (Pet. 6, doc. 1.)

## II. Successive Petition

Title 28 U.S.C. § 2244(b)(1) requires dismissal of a second or successive § 2254 petition filed by a state prisoner if it raises a claim challenging the petitioner's conviction or sentence that was raised in an earlier petition. 28 U.S.C. § 2244(b)(1). The claim raised in the instant petition was raised and rejected in petitioner's earlier petition. Therefore, petitioner must obtain authorization to file the petition in this court from the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition.[1] See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir.2000); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir.1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

---

[1]Because the court lacks jurisdiction, no ruling is made on petitioner's application to proceed in forma pauperis.

5

dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED June **25**, 2018.

                                           JOHN McBRYDE
                                      UNITED STATES DISTRICT JUDGE